# Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MARLAINA KOLLER CROES,<br><br>        Debtor. | Chapter 11<br><br>Case No. 20–22239 (RDD) |

### [PROPOSED] ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF ROSEN & ASSOCIATES, P.C. AS BANKRUPTCY COUNSEL TO DEBTOR

Upon the application dated April 28, 2020 (the "**Application**") [Doc. No. 22] of Marlaina Koller Croes, the above-captioned debtor and debtor-in-possession (the "**Debtor**"), for the entry of an order authorizing her to employ the law firm of Rosen & Associates, P.C. ("**Rosen & Associates**") as bankruptcy counsel; and upon the affirmation of Sanford P. Rosen, Esq., dated April 24, 2020, annexed to the Application as *Exhibit B* and submitted pursuant to 11 U.S.C. §§ 329 and 504, Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"); and the Court having jurisdiction to consider and determine the Application as a core proceeding in accordance with 28 U.S.C. §§ 157 and 1334; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing from the certificate of service filed with the Court that due and sufficient notice of the Application and the presentment hereof has been given; and it appearing from the *Certificate of No Objection* filed herein [Doc. No. __] that no objection to the entry of this Order has been filed; and it appearing that Rosen & Associates represents no interest adverse to the Debtor or to her estate and that Rosen & Associates' employment is necessary and would be in the best interests of the Debtor's estate; and it appearing that the post-petition retainer is justified by the facts and circumstances of this case; and it appearing that Rosen & Associates is a "disinterested person" as that term is defined

in 11 U.S.C. § 101(14); and after due deliberation and sufficient cause appearing to me therefor, it is hereby

**ORDERED**, that the Debtor be, and she hereby is, authorized to employ Rosen & Associates to represent her as a debtor and debtor in possession under the terms set forth in the Application and the Retention Agreement, with the compensation of Rosen & Associates to be fixed by the Court upon the filing of proper applications therefor in accordance with 11 U.S.C. §§ 330 and 331, any applicable Bankruptcy Rules, the Local Rules and any orders of this Court; and it is further

**ORDERED**, that Rosen & Associates is hereby authorized to be compensated for services rendered between the date of the filing of the Debtor's petition and the date of this Order; and it is further

**ORDERED**, that the Debtor's payment of the post-petition retainer to Rosen & Associates in accordance with the Retention Agreement be, and it hereby is, authorized pursuant to section 328(a) of the Bankruptcy Code; and it is further

**ORDERED**, that Rosen & Associates shall apply its post-petition retainer as a credit towards fees and expenses approved pursuant to the first order(s) of the Court awarding fees and expenses to Rosen & Associates; and it is further

**ORDERED**, that prior to any increases in its hourly rates, Rosen & Associates shall file a supplemental affirmation with the Court and provide ten business days' notice to the Debtor and the United States Trustee. The supplemental affirmation shall explain the basis for the requested rate increases in accordance with 11 U.S.C. § 330(a)(3)(F) and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate

increase on all grounds including, but not limited to, the reasonableness standard provided for in 11 U.S.C. § 330; and it is further

**ORDERED**, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated: White Plains, New York
     May __, 2020

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION:

*The Office of the United States Trustee*

By: */s/ Greg M. Zipes*
      Greg M. Zipes

Trial Attorney
*The Office of the United States Trustee*
201 Varick Street, Room 1006
New York, NY 10014
Dated: April 28, 2020