**ROSEN & ASSOCIATES, P.C.**
*Counsel to the Debtor and*
  *Debtor-in-Possession*
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Paris Gyparakis

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MARLAINA KOLLER CROES,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 20–22239 (RDD) |

## DEBTOR'S MOTION TO CONVERT CHAPTER 11 CASE TO CHAPTER 7

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Marlaina Koller Croes, the above-captioned debtor and debtor-in-possession (the "**Debtor**"), through counsel, Rosen & Associates, P.C., hereby moves this Court (the "**Motion**") for the entry of an order, substantially in the form annexed hereto as *Exhibit A*, pursuant to 11 U.S.C. § 1112(a) and Rule 1017 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), converting the above-captioned chapter 11 case to a case under chapter 7 of the Bankruptcy Code (as defined herein), and in support thereof respectfully represents as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1.      This Court has jurisdiction to consider this Motion as a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these proceedings is proper in this District

pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein is

11 U.S.C. § 1112(a), as supplemented by Bankruptcy Rule 1017.

## FACTUAL & PROCEDURAL BACKGROUND

1.      On February 13, 2020 (the "**Petition Date**"), the Debtor commenced this

case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code,

11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), in an effort to liquidate certain claims which

constitute property of the estate and ultimately maximize the value of her assets for the benefit of

all creditors and parties-in-interest.[1]

2.      To that end, on June 16, 2020, the Debtor filed an application (the

"**Retention Application**") [Doc. No. 43] pursuant to section 327(e) of the Bankruptcy Code,

seeking authorization to retain Bleakley Platt & Schmidt, LLP ("**Bleakley**") as special litigation

counsel to the Debtor in connection with a pending civil rights action (the "**Civil Action**") against

the Debtor's former husband, the City of Yonkers, the City of Yonkers Police Department, and

certain police officers employed by the Police Department (collectively, the "**Civil Defendants**"),

then pending before the United States District Court for the Southern District of New York (the

"**District Court**") styled, *Marlaina Koller-Gurgigno v. City of Yonkers, et al,* No. 18-civ-00098

(VB). On July 14, 2020, the Court entered an Order [Doc. No. 52] granting the Retention

Application.

3.      The Debtor, as shareholder of Phoenix Transportation Services, Inc.

("**Phoenix**"), is also prosecuting claims against the County of Westchester (the "**County**") for

breach of contract (the "**Phoenix Action**"), first commenced in the New York State Court of

Claims (*Phoenix Transportation Services, Inc. v. County of Westchester*, Claim No. 134200), and

---

[1] A detailed description of the Debtor's background and the facts and circumstances precipitating this chapter 11 filing
are set forth in the *Declaration of Marlaina Koller Croes Pursuant to Local Rule 1007-2* [Doc. No. 4].

later removed to the Westchester County Supreme Court (Index No. 65145/2020), to include certain individual defendants, in addition to the County.

4.        On November 16, 2020, the District Court issued an *Opinion and Order* (Briccetti, J.) denying the Debtor's motion for leave to amend the complaint in the Civil Action, and on February 8, 2021, the District Court issued a *Memorandum Opinion and Order* (Briccetti, J.) granting the Debtor's motion to voluntarily dismiss her federal claims and remanding the Civil Action back to state court. The claims asserted in the Civil Action are currently before the Westchester County Supreme Court (Index No. 68237/2017).

5.        On February 25, 2021, Bleakley filed a *Note of Issue* accompanied by a *Certificate of Readiness for Trial* pursuant to CPLR 3402(a) [NYSCEF Doc. No. 35]. A preliminary conference has been scheduled for June 21, 2021. *See* Court Notice [NYSCEF Doc. No. 40].

## RELIEF REQUESTED

6.        By this Motion, the Debtor seeks the entry of an order, substantially in the form annexed hereto as *Exhibit A*, pursuant to section 1112(a) of the Bankruptcy Code, converting the above-captioned chapter 11 case to a case under chapter 7 of the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

7.        Section 1112(a) of the Bankruptcy Code provides that the debtor may convert a chapter 11 case to a case under chapter 7, unless: "(1) the debtor is not a debtor in possession; (2) the case originally was commenced as an involuntary case under this chapter; or (3) the case was converted to a case under this chapter other than on the debtor's request." *See* 11 U.S.C. § 1112(a).

8.     Although a chapter 11 debtor's right to convert to chapter 7 is certainly not absolute, courts have generally granted such requests, absent bad faith or abuse of the bankruptcy process, recognizing that, "[when] a debtor's case continues, the court retains jurisdiction over the debtor and the debtor's estate, and the court has continuing power to address any improprieties that may result from the change in the nature of the proceedings." *See Nady v. DeFrantz (In re DeFrantz)*, 454 B.R. 108, 114 (B.A.P. 9th Cir. 2011); *see also In re Mod. Metal Prod. Co.*, 422 B.R. 118, 124 (Bankr. N.D. Ill. 2009) ("In Section 1112(a), as well as other sections, Congress has granted a clear right to debtors to decide which chapter their case should proceed under, and the Court is loath to overturn that choice without a strong showing of an abuse of the system or clear detriment to parties in interest."); *In re Spencer*, 137 B.R. 506, 511 (Bankr. N.D. Okla. 1992) ("In the presence of extreme circumstances, debtor's right to convert can be conditioned or denied if necessary to prevent injustice to other parties."); *In re Adler*, 329 B.R. 406, 409-10 (Bankr. S.D.N.Y. 2005) (defining "extreme circumstances" as "bad faith, abuse of process, or other gross inequity, and such cases usually involve egregious conduct on the part of the debtor, who is seeking to use the bankruptcy process abusively and selfishly rather than for its intended purpose") (*citing In re Marrama*, 313 B.R. 525, 531 (1st Cir. BAP 2004)).

9.     Here, although the Debtor intended to propose a chapter 11 plan based on her good-faith assessment of the value of claims against third parties, upon further case evaluation, she has determined that there is no certainty that the recoveries in these actions would be sufficient to fund a plan of reorganization. Moreover, it appears the benefit of continuing to proceed under chapter 11 would be outweighed by the cost. *See generally Harbin v. IndyMac Bank FSB (In re Harbin)*, 486 F.3d 510, 514 (9th Cir. 2007) (holding that a bankruptcy court considering the feasibility of a chapter 11 reorganization plan must evaluate the merits of the litigation).

10.     Against this backdrop, the Debtor responsibly seeks conversion of this case in order to protect creditors and preserve the assets of her estate, recognizing that a chapter 7 trustee is certainly capable of distributing any recovery to creditors. Indeed, these considerations alone support conversion. *See Results Sys. Corp. v. MQVP, Inc.*, 395 B.R. 1, 11-12 (E.D. Mich. 2008) (affirming order converting chapter 11 case to chapter 7 where no plan existed to reorganize debtor); *In re Mod. Metal Prod. Co.*, 422 B.R. 118, 122 (Bankr. N.D. Ill. 2009) (granting motion to convert where there was no "pattern of delay" or "strong showing of abuse," no guarantee that a chapter 11 plan would be confirmed, and debtor determined conversion was in the best interest of the estate); *In re Stamp Farms, L.L.C.*, No. 12-10410, 2013 Bankr. LEXIS 5682 at *17-18 (Bankr. W.D. Mich. May 29, 2013) (permitting conversion, in part, because it is a more efficient, less expensive vehicle to liquidate the estate).[2]

## CONCLUSION

11.     In light of the foregoing, the Debtor respectfully submits that the relief requested herein is warranted and should be granted.

## NOTICE

12.     The Debtor shall give notice of this Motion by serving a copy of the Motion, and the annexed *Notice of Motion*, via first-class mail upon: (i) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, NY 10014, Attn.: Greg M. Zipes, Esq.; (ii) all creditors; and (iii) all other parties-in-interest who have requested notice and service of papers pursuant to Bankruptcy Rule 2002. The Debtor submits that no other or further notice need be provided.

---

[2] The Debtor also notes that the U.S. Trustee's office has indicated no objection to the Motion. *See In re Mod. Metal Prod. Co.*, 422 B.R. 118, 124 (Bankr. N.D. Ill. 2009) ("The Court prefers to defer to the determination of the Debtor, as debtor-in-possession, of the best interests of the estate, especially where the U.S. Trustee has indicated no objection.").

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order, substantially in the form annexed hereto as *Exhibit A*, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: New York, New York
     April 15, 2021

                                        **ROSEN & ASSOCIATES, P.C.**
                                        *Counsel to the Debtor and*
                                            *Debtor-in-Possession*

                                        By:  /s/ *Sanford P. Rosen*
                                                      Sanford P. Rosen
                                                      Paris Gyparakis

                                        747 Third Avenue
                                        New York, NY 10017-2803
                                        (212) 223-1100