PENACHIO MALARA LLP  
245 Main Street - Suite 450  
White Plains, New York 10601  
(914) 946-2889  
Counsel to Law Offices of Joseph R. Miano

PRESENTMENT DATE & TIME:  
NOVEMBER 11, 2022 AT 12:00 NOON

OBJECTION DEADLINE:  
NOVEMBER 8, 2022 AT 5:00 PM

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X  
In re

MARLAINA KOLLER CROES,

                      Debtor.  
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Chapter 7

Case No.: 20-22239-shl

**OPPOSITION OF THE LAW OFFICES OF JOSEPH R. MIANO TO THE DEBTOR'S APPLICATION TO AVOID ITS JUDICIAL LIEN AS IMPAIRING HER HOMESTEAD EXEMPTION PURSUANT TO SECTION 522(f) OF THE BANKRUPTCY CODE AND REQUEST FOR SUCH RELATED RELIEF AS THE COURT DEEMS APPROPRIATE**

**TO:    THE HONORABLE SEAN H. LANE,**  
         **UNITED STATES BANKRUPTCY JUDGE**

The opposition of the **LAW OFFICES OF JOSEPH R. MIANO** (the "Miano Firm") to the application (the "Motion") of **MARLAINA KOLLER CROES,** the above-captioned debtor (the "Debtor"), by and through its counsel, **PENACHIO MALARA, LLP,** to avoid its judicial lien as impairing her homestead exemption pursuant to Section 522(f) of the Bankruptcy Code, respectfully represents as follows:

## FACTS

1. On February 13, 2020, the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Bankruptcy Code, as amended (the "Bankruptcy Code") with the Clerk of the Court. Thereafter, the Debtor's case was converted to a case under Chapter 7 of the Bankruptcy Code on June 7, 2021.

2. Mark S. Tulis was appointed as Chapter 7 Trustee.

1

3. The Debtor's primary asset is her home at 222 Gailmore Drive, Yonkers, NY 10710 (the "Home"). The Debtor claimed a New York State Homestead Exemption in the Home of $140,963.91. The Debtor alleges that as of the petition date, the Home, although appraised at more than $400,000.00, is worth only $350,000.00 for purposes of the Motion. A copy of the appraisal relied upon by the Debtor is annexed hereto as Exhibit A (the "Appraisal"). The Appraisal is over a year old, dated July 24, 2021.

4. According to the Appraisal, the Home is a Cape Cod style home located in an area with "no unfavorable factors" and with "average" appeal. It has two bedrooms, two bathrooms, partial central air, a patio and a pool.

5. The Home is encumbered by a first mortgage held by Carrington Mortgage Services, LLC ("Carrington"). According to the Debtor, the balance due to Carrington is approximately $209,036.09.

6. The Miano Firm holds two judgments (together, the "Judgments") against the Debtor which are liens against the Home. The first judgment lien is in the amount of $59,000.95. It was entered on October 19, 2018. It bears index number 55212/18. The second judgment lien is for $21,600.35. It was entered on December 6, 2018. It bears index number 59719/18. A copy of each of the Judgments is annexed hereto as Exhibit B and Exhibit C. The amount due under the Judgments totals $80,601.30. Interest accrues at the statutory rate of 9%. The total balance due under the Judgments is currently approximately $109,000.00.

## THE LIEN SHOULD NOT BE AVOIDED

7. The Miano Firm opposes the Motion for several reasons. Most significantly, the Appraisal relied upon by the Debtor in support of the Motion does not reflect the value of the Home and is artificially low. Second, the valuation utilized by the Debtor in calculating the

Homestead Exemption ($350,000.00) does not reflect the correct value of the Home or even the Appraisal. Third, the calculations are incorrect.

**<u>The Valuation Used by the Debtor Does not reflect the Value of the Home</u>**

8. In support of the Motion, the Debtor relies on the Appraisal which is questionable at best.

9. First, the Appraisal is over a year old and, as such, does not reflect the current value of the Home.

10. Second, the comparable sales used in the Appraisal do not appear to support the purported valuation of the Home. The Appraisal indicates that there were 6 homes in the area for sale ranging in price from $390,000.00 to $485,000.00. Notwithstanding, in the Appraisal, the Home, with a pool, is valued at only $350,000.00. Manifestly, this is suspect.

11. Third, the adjustments to the comparable homes in the Appraisal are misapplied. For example, the three "comps" used in the Appraisal range in price from $400,000.00 to $460,000.00. Yet each are "adjusted downward" without justification.

12. Fourth, a Zillow valuation reflects the current value of the Home in a range of $486,000.00 to $560,000.00 with an average of $521,000.00. <u>See</u> <u>Exhibit</u> <u>D</u>. Indeed, upon information and belief, a similar home at 209 Gailmore is on the market for $753,235.00. Such home previously sold for $630,000.00 in June 2020.

13. Fifth, even if the Debtor's Appraisal is accurate, it sets the value of $404,000.00 not $350,000.00 as the Debtor alleges in its calculations. It is submitted that the purported valuation of the Home at $350,000.00 strains common sense and is very highly unlikely.

14. Should the Court be inclined to accept the Appraisal, the Miano Firm respectfully requests the opportunity to retain an appraiser to value the Home who will be afforded access to the interior of the Home.

### **The Debtor's Calculations Are Inaccurate**

15. The Bankruptcy Code codifies a mathematical formula set forth in Section 522(f)(2)(A) to determine the extent by which a lien can be avoided. This Court utilized such formula in the decision, *In re Jesse Brody*, 237 B.R. 5, 8 (Bankr. S.D.N.Y. 2003). Such formula applies to the instant case as follows:

|      |                                                    |              |
|------|----------------------------------------------------|--------------|
| (i)  | The Lien sought to be avoided totals -             | $80,601.30   |
| (ii) | The other liens on property (mortgages) total -    | $209,036.09  |
| (iii)| The Debtor's homestead exemption is -              | $140,963.91  |
|      | The sum of the figures is                          | **$430,601.30** |

16. The Debtor's interest in the Home, using the "mid" Zillow estimate, is $521,000.00. Thus, the Liens and exemption do not exceed the Debtor's interest in the property. As such, the Lien should not be avoided or reduced. In fact, there is a significant equity cushion above the Homestead Exemption to support the Miano Firm's Judgments.

**WHEREFORE,** it is respectfully requested that this Court enter an order in the form annexed hereto: (i) denying the Debtor's motion to avoid the Lien as impairing the Debtor's homestead exemption; (ii) in the alterative, if the Court is inclined to grant some relief, affording the Miano Firm the opportunity to obtain a formal appraisal and directing the Debtor to provide interior access; and (iii) granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated: White Plains, NY
      November 8, 2022

PENACHIO MALARA, LLP

By: /S/ <u>Anne Penachio</u>
*Counsel for Law Offices of Joseph R. Miano*
Anne Penachio, Esq.
245 Main Street, Suite 450
White Plains, New York 10601
T:(914) 946-2889